IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| JAMES BEVIS, on behalf of himself and others similarly situated, | * * * |
| Plaintiff, | * * * |
| vs. | * No. 2:09cv0086 SWW * * * * |
| GOLDEN FIELD SERVICES, INC., | * * |
| Defendant. | * |

**Order**

Before the Court is plaintiff's motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2). Defendant responded in opposition to the motion. For the reasons stated below, the motion is granted.

Under Fed.R.Civ.P. 41(a)(2), a plaintiff who wishes to dismiss an action after an answer has been filed must obtain an order of the district court unless all the parties stipulate to the dismissal. Dismissal is within the discretion of the trial court, and the court may impose terms and conditions on the dismissal. In determining whether to grant a plaintiff's motion for voluntary dismissal, a district court should consider the following factors: (1) whether the plaintiff has presented a proper explanation for the desire to dismiss; (2) whether the defendant has expended considerable effort and expense in preparing for trial; (3) whether the plaintiff exhibited "excessive delay and lack of diligence" in prosecuting the case; and (4) whether the defendant has filed a motion for summary judgment. *Paulucci v. City of Duluth,* 826 F.2d 780, 782 (8th Cir. 1987). The Court also considers whether the dismissal would "result in a waste of

judicial time and effort." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.,* 187 F.3d 941, 950 (8th Cir. 1999).

This case was filed in July 2009. Defendant filed its answer in September 2009. The parties filed their Rule 26(f) Report on November 30, 2009, and the Court entered a Final Scheduling Order on December 28, 2009. On March 11, 2010, the Court granted defendant's motion to deny class certification because the deadline had passed for plaintiff to move for conditional collective action certification. Four days later, plaintiff filed a motion for voluntary dismissal.

Plaintiff asserts that other than efforts to schedule depositions, the parties have expended little time and money in preparing for trial. Other than initial disclosures, no other discovery has been exchanged. Plaintiff says efforts to locate former co-workers have been unsuccessful and the discovery deadline is fast approaching. Plus, plaintiff says he lacks the personal resources to properly prosecute the action. Defendant contests plaintiff's reasons for seeking a dismissal, arguing he is trying to avoid being sanctioned for filing a baseless lawsuit. Defendant claims plaintiff's counsel had no written documents in hand showing plaintiff was not paid overtime and filed the action based solely on her client's word. According to defendant, the reason plaintiff cannot find co-workers to support his claim is because they were paid properly. Defendant asks the Court to deny the motion, or to condition dismissal on plaintiff paying defendant's attorney's fees and costs.

The Court has carefully reviewed the motion, response, and briefs as well as the other pleadings in the case, and considered the factors set out in *Paulucci*. The Court finds the motion [docket entry 20] should be and is hereby granted. Plaintiff's complaint is dismissed without

prejudice. If plaintiff decides to re-file his complaint, the Court may order him to pay all or part of defendant's costs associated with this action. *See* Fed.R.Civ.P. 41(d)(1).

DATED this 23rd day of March, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE